# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **THE WESTERVELT COMPANY INC.,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: **7:15-cv-383-RDP** |
| } | |
| **JEAN ROBERTSON and TERRY J.** } | |
| **SMITH,** } | |
| } | |
| Respondents. } | |

## MEMORANDUM OPINION

**I.      Introduction**

The court has before it Plaintiff's Motion to Remand or, in the Alternative, To Permit Jurisdictional Discovery and Stay Other Proceedings (Doc. # 9), filed on April 2, 2015; and Plaintiff's Motion to Strike (Doc. # 16), filed on May 4, 2015.[1] The motions have been fully briefed. (Docs. # 9, 15, 16, 17). Plaintiff's Motion to Strike is moot due to the withdrawal of Defendants' expert's affidavit. (Doc. # 17). For the reasons outlined below, the court finds that Plaintiff's Motion to Remand is due to be granted and this case is remanded to the Probate Court of Bibb County, Alabama.[2]

---

[1] The caption styles Plaintiff and Defendants as "Petitioner" and "Respondent" respectively, presumably because those terms are used in a state condemnation proceeding. The parties have nonetheless used both terms in their submissions to the court. The Alabama Supreme Court has stated, "[T]he words 'plaintiff' and defendant' are used in some condemnation cases as a matter of clarity or convenience" even though they are not adversary proceedings. *Cooper v. Magic City Trucking Service, Inc.*, 264 So.2d 146, 150-51 (Ala. 1972). The court will use the terms "Plaintiff" and "Defendant" or "Defendants" in its opinion.

[2] Given that it finds that it lacks jurisdiction over this case, the court cannot rule on Defendant's pending, stayed Motions to Dismiss and will direct the Clerk of Court to administratively terminate those motions. (Docs. # 5, 6).

## II.     Relevant facts and procedural history

Plaintiff The Westervelt Company Inc. originally filed this action against Defendants Jean Robertson and Terry J. Smith ("Defendants")[3] in the Probate Court of Bibb County, Alabama.  (Doc. #1, Ex. A).  Plaintiff's state "Application for Condemnation of Right-of-Way" ("Application")[4] seeks, pursuant to Alabama Code § 18-3-1, et seq., condemnation of a right-of-way across Defendants' property to access a public road from property that Plaintiff owns.  (Doc. #1, Ex. A).  No amount in controversy or *ad damnum* clause is contained in the Application.

The disputed property in this case is a road over Defendants' property in Bibb County, Alabama, that is approximately one-fourth mile in length.  (Doc. #1, Ex. A).  Plaintiff owns adjacent, landlocked property with no access to a public road.  (Doc. #1, Ex. A).  Plaintiff states that it used the disputed road to access its property since 1951, when the disputed property was owned by a lumber company.  (Doc. #1, Ex. A).  Starting in approximately 1995, Defendant Robertson, who now owns the property, erected a gate across the road, blocking Plaintiff's use of it, and advised Plaintiff that it may no longer use the road.  (Doc. #1, Ex. A).  Plaintiff thus seeks an easement to use the road.  (Docs. #1, 9).

Defendants filed a timely petition to remove this case to this court (pursuant to 28 U.S.C. §§ 1441 and 1446), invoking this court's subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).  (Doc. # 1).  Defendants' assertion of diversity of citizenship is premised on their argument that Terry Smith is improperly joined and Jean Robertson is a resident of, and

---

[3] There is a dispute among the parties concerning whether Defendant Smith is a proper defendant in this case.  Smith resides at the disputed property that is owned by Defendant Robertson.  However, because the court determines that the case is due to be remanded on different grounds, it is unnecessary for the court to resolve that factual dispute in any event.  Further, because the court finds that it has no subject matter jurisdiction over this case, it has no authority to rule on that issue, in any event.  Regardless, this Opinion will refer to Smith and Richardson jointly as "Defendants."

[4] Defendants' Notice of Removal states that Plaintiff's Application was attached as Exhibit A, but the Application actually comes prior to the Exhibit A cover sheet.  (Doc. #1).  Nonetheless, for ease of reference, the court refers to the Application as being part of Exhibit A.

domiciled in, the state of Tennessee.  (Doc. # 1).  Plaintiff is an Alabama corporation and, thus, a resident of Alabama.  (Doc. # 1).  Even though Plaintiff does not seek a sum certain or allege in the state Application that the value of the disputed property exceeds $75,000.00, Defendants maintain -- by way of Defendant Robertson's affidavit -- that the value of the disputed property, if condemned under state law, is $80,000.00.  (Doc. # 1, Ex. C).

Plaintiff's motion to remand disputes both (1) that the parties are of diverse citizenship as it asserts that Defendants Smith and Robertson are common law married or that Robertson is actually a domiciliary of Alabama, and (2) the amount in controversy.  (Doc. # 9).  In support of its dispute concerning the amount in controversy, Plaintiff submits as Exhibit B to its motion to remand a detailed appraisal asserting that a value for the easement is in the amount of $1,360.00.  (Doc. #9, Ex. B).  Plaintiff also submitted an alternative appraisal of a second possible easement elsewhere on Defendant's property and determined the value of that easement to be $1,980.00.  (Doc. #9, Ex. B).  Additionally, Plaintiff argues in its motion to remand that the court should decline jurisdiction pursuant to the "probate exception" to federal jurisdiction as set forth by the Court in *Marshall v. Marshall*, 547 U.S. 293 (2006).  (Doc. # 9).  In so arguing, Plaintiff contends that the federal courts refuse jurisdiction when probate courts exercise *in rem* jurisdiction over property in an essentially administrative function, as the Probate Court of Bibb County was doing here prior to removal.  (Doc. # 9).  Finally, Plaintiff suggests that, in the alternative, the court permit jurisdictional discovery and stay other proceedings until such time that the jurisdictional question is resolved.  (Doc. # 9).

Defendants' response to Plaintiff's motion to remand reasserted many of the same arguments made in Defendants' notice of removal, and included a second affidavit from Defendant Robertson asserting her opinion that the easement should be valued at $80,000.00.

3

(Doc. # 15, Ex. PX3). Defendants also included with their response an affidavit of Bill Mackey, a real estate expert, who opined a value of $94,500.00 for the encumbrance. (Doc. # 15, Ex. PX4.). Mr. Mackey's affidavit did not set forth his methodology or discuss how he reached his conclusion. (Doc. # 15, Ex. PX4.). Plaintiff included with its reply brief a Motion to Strike the Affidavit of Bill Mackey on the grounds that it is conclusory, and thus violates Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). (Doc. # 16). Defendants thereafter withdrew the affidavit of Bill Mackey but did not abandon their claim that the amount in controversy exceeds $75,000.00. However, their amount in controversy position is now based solely on the basis of Defendant Robertson's opinion as owner of the disputed property. (Doc. # 17).[5]

### III.  Analysis

Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction over a case involving state law claims when there is both complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. For complete diversity to exist, no defendant can be from the same state as any plaintiff. *First National Bank of Talladega v. Lovell*, No. 14-cv-1222, 2014 WL 4957135, at *1 (N.D. Ala. Oct. 1, 2014) (quoting *Leyva v. Daniels*, 530 Fed. Appx. 933 (11th Cir. 2013) (unpublished opinion); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Federal courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). The burden of establishing subject matter jurisdiction over a case removed to this court is on the removing party. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "[A]ll doubts about

---

[5] Because Defendants withdrew the Affidavit of Bill Mackey, Plaintiff's Motion to Strike is rendered moot.

4

jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313.

### A.     Whether Complete Diversity Exists

Defendants argue that complete diversity exists in this case because Defendant Smith, an Alabama resident, was improperly joined by Plaintiff, an Alabama Corporation, and the only proper party is a Tennessee resident.[6] An action is removable if the joinder of non-diverse parties is improper, or, as it is more commonly called, fraudulent. *Triggs*, 154 F.3d at 1287; *see Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1380 n. 2 (N.D. Ga. 2014) (citations omitted) (noting that "the term 'fraudulent joinder' is a bit of a misnomer—the doctrine requires neither fraud nor joinder. . . . the term 'improper joinder' [] is more consist with the statutory language, though its meaning is substantively identical to 'fraudulent joinder.'"). Fraudulent joinder of a resident (non-diverse) defendant exists when there is no possibility that the plaintiff can prove a cause of action against the resident defendant. *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)).

The burden of proving fraudulent joinder rests with the removing party. *See id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). In the context of fraudulent joinder, the court must view all allegations and submissions in the light most favorable to the plaintiff. *Talladega*, 2014 WL 4957135, at *4 (citing *Crowe*, 113 F.3d at 1538). If it is established that a non-diverse defendant is improperly joined, the court must ignore that defendant's presence when ruling on a motion to remand the case to state court. *See Henderson v. Wash. National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

---

[6] Defendant Robertson has stated in two different affidavits that she is a resident and domiciliary of the state of Tennessee.

In their Notice of Removal, Defendants argue that there is complete diversity in this case because (1) Defendant Smith is not properly joined in this case because he has no ownership interest in the disputed property and (2) Defendant Robertson is a Tennessee resident. To the contrary, Plaintiff contends that Defendants Richardson and Smith are common law married and, therefore, he has an ownership interest in the disputed property. If Defendant Smith has an ownership interest, Plaintiff reasons, it follows that he is properly joined, and complete diversity is lacking.

The court finds that Defendant Robertson's affidavits effectively prove, at least for jurisdictional purposes, that she is a Tennessee resident and domiciliary. Therefore, her citizenship is diverse from Plaintiff. On the other hand, it is undisputed that Defendant Smith is a resident of Alabama. Therefore, the key issue is whether he is a proper party to this case. If he is not, then complete diversity exists. If he is, then complete diversity is destroyed. However, the court need not decide this issue,[7] or order jurisdictional discovery, because Defendants have failed to prove that the jurisdictional amount in controversy is met.

### B. The Value of the Disputed Property at the Time of Removal Was Below the Jurisdictional Minimum

Plaintiff's state Application does not assign a value to the disputed property. If a plaintiff has not specified a value in its pleading in state court, the removing party must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe*, 613 F.3d at 1061 (citing *Tapscott v. MS Dealer Service, Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). The removing party may satisfy its burden by submitting

---

[7] And, to be sure, it is an interesting issue. Defendant Smith swears in his affidavit that he is not the common law spouse of Defendant Robertson. However, Plaintiff asserts that it has good reason to believe that Defendants are, in fact, common law spouses, and points to documentary evidence suggesting that Defendant Richardson is married—at least as of 1995. (Doc. # 1 Ex. B).

additional evidence to demonstrate that the jurisdictional minimum is met.  *See id.*; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).  However, removal "cannot be based simply upon conclusory allegations" where the amount in controversy is silent.  *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). In the alternative, the court may determine that it is "facially apparent" from the complaint that the amount in controversy likely exceeds $75,000.00, even if damages are unspecified.  *Snellgrove v. Goodyear Tire & Rubber Co.*, No. 13-cv-2062, 2014 WL 235367, at *3 (quoting *Roe*, 613 F.3d at 1061-62).  And, the "court[] may use [its] judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1061-62.

Further, inquiry into the existence of diversity jurisdiction focuses on the circumstances existing at the time of removal.  *Snellgrove*, 2014 WL 235367, at *2 (quoting *Sierminski*, 216 F.3d at 949).  While a plaintiff may not defeat removal by subsequently changing a damage request, a post-removal affidavit or document clarifying an ambiguity in the amount of damages sought by the complaint is, essentially, a *nunc pro tunc* elucidation of the amount in controversy at the time of removal.  *See Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1300-01 (M.D. Ala. 2001); *Moore v. Toyota Motor Corp.*, 64 F. Supp. 2d 612, 614 (N.D. Miss. 1999). In other words, the court must examine the jurisdictional facts as of the time the case is removed, even when it considers information submitted after removal.  *See Sierminski*, 216 F.3d at 949 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

While Plaintiff was initially silent on the value of the disputed property, Defendants attribute the amount in controversy to be $80,000.00.  Defendants' basis for this amount is the

opinion of Defendant Robertson, who has submitted her opinion pursuant to Alabama Code § 12-21-114, and Alabama common law.[8]

In response to Defendant Robertson's opinion regarding the property's value, Plaintiff submitted a detailed appraisal of the property. This appraisal determined the value of the two likeliest parts of the property where the easement would be located to be approximately $1,360.00 or $1,980.00. (Doc. # 9). Even though Plaintiff submitted the appraisal after removal, the court finds that such an appraisal merely helps clarify the amount in controversy at the time of removal. *See Sierminski*, 216 F.3d at 949; *Moore*, 64 F. Supp. 2d at 614. Thus, the court accepts the appraised value as evidence of the amount in controversy.

The court finds that even though Defendant Robertson may indeed be competent to testify as to her opinion of the value of the property, such an opinion must not be conclusory. *See Sierminski*, 216 F.3d at 949. Without question, Defendant Robertson's opinion is just that— wholly conclusory. Furthermore, in the court's "judicial experience and common sense," it seems unlikely that a quarter-mile stretch of property in rural Alabama over an existing road is valued at $80,000.00—especially when the property's owner is not entirely deprived of its use. *Roe*, 613 F.3d at 1061-62. While the value of the disputed property may indeed be higher than that attributed to it by Plaintiff's appraiser, the court finds it does not exceed $75,000.00. Mindful that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313, the court concludes that Defendants have not proven by a preponderance of the evidence that the value of the disputed property more likely than not meets

---

[8] Section 12-21-114 sets forth that "Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion." Under Alabama law, an owner of real property may testify as to the value of such property. *See, e .g.*, *Carson v. Canales*, 409 So.2d 842, 843 (Ala. Civ. App. 1981). Although the parties dispute the admissibility of Defendant Robertson's opinion, the court need not make a detailed analysis of this issue because, even if it were admitted, it would not change the outcome of the court's decision in favor of remand.

the jurisdictional minimum. *Roe*, 613 F.3d at 1061. Accordingly, the requisite amount in controversy has not been proven, and this case is due to be remanded to state court.

### C. Alternatively, the "Probate Exception" Applies and on That Basis this Case Is Due to be Remanded

Plaintiff also argues that, in the alternative, the probate exception to diversity jurisdiction applies, and thus this case is due to be remanded. The court agrees and finds that, alternatively, the probate exception is indeed applicable here.

The Court in *Marshall v. Marshall*, 547 U.S. 293 (2006), clarified the parameters of the probate exception as initially defined in *Markham v. Allen*, 326 U.S. 490 (1946). In *Marshall*, the Court reiterated "the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." 547 U.S. at 311 (citations omitted). *Marshall* elucidated that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12; *see also Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 227 (3rd Cir. 2008). Thus, this court may not "assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys*, 540 F.3d at 227.

Plaintiff rightly brought this case by Application to the Probate Court of Bibb County in accordance with Alabama Code § 18-3-3. The Supreme Court of Alabama "has held that a [state] circuit court is without jurisdiction to consider, in the first instance, a request for the condemnation of property" in accordance with Alabama's private condemnation statute. *Johnson v. Metro Land Co., L.L.C.*, 18 So.3d 962, 965-66 (Ala. Civ. App. 2009) (citing *Aland v. Graham*, 250 So.2d 677 (Ala. 1971)). In other words, Alabama probate courts have exclusive original jurisdiction in proceedings like the one brought by Plaintiff to determine how

9

Defendants' *res* should be disposed. *See* Tilley's Alabama Equity § 17:3 (5th ed.). Plaintiff did not bring a transitory action relating to Defendants' property that may be decided in a number of jurisdictions; instead, Plaintiff brought a wholly *in rem* action which is to be exclusively decided, in the first instance, in Alabama's probate courts. *Cf. Marshall*, 547 U.S. at 313-314. Because the property was in the custody of the probate court, this court may not assume *in rem* jurisdiction over it.[9] *Three Keys*, 540 F.3d at 227. Accordingly, the court finds that the probate exception applies and the court does not have jurisdiction over this case.

## IV. Conclusion

Based on the foregoing reasons, Defendants have not satisfied their burden of proving the grounds for removal are met. Therefore, the case is due to be remanded to the Probate Court of Bibb County. The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this September 2, 2015.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[9] The court also notes that, if it were to take jurisdiction over this *in rem* action, the parties would be deprived of the more in-depth availability of the *ore tenus* rule, which is "especially applicable in private condemnation cases." *Key v. Ellis*. 973 So.2d 359, 365 (Ala. Civ. App. 2007). The Probate Court of Bibb County is responsible for a smaller geographic jurisdictional area than the court for this District. The probate judge thus has a greater "advantage of viewing the premises and knowing the locale" than a judge in this court. Therefore, the rule would be "emphasized" by an Alabama appellate court, and that appellate court would be highly deferential to the probate judge. *Id.* The parties and the trier of fact would lose that advantage if the case stayed in this court.